Gary M. Zadick (MSBN 1686)
UGRIN, ALEXANDER, ZADICK & HIGGINS, P.C.
#2 Railroad Square, Suite B
Post Office Box 1746
Great Falls, MT  59403
Telephone:  (406) 771-0007
Facsimile:   (406) 452-9360

Attorneys for Plaintiff
NEW YORK MARINE AND GENERAL
INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| GOTHAM INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>      vs.<br><br>EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC.,<br><br>                Defendants. | **COMPLAINT FOR DECLARATORY RELIEF AND ATTORNEYS' FEES AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff GOTHAM INSURANCE COMPANY, by and through its counsel of record, alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for declaratory relief and attorneys' fees. Plaintiff seeks a declaration from the Court that Plaintiff is not obligated, under the terms of the policy described in further detail herein, for the continued defense or indemnification of claims alleged against Defendant Employee Benefit Management Services, Inc. in the action styled *Roose v. Employee Benefits Management Services, Inc., et al.*, pending before the Montana First Judicial District Court for Lewis and Clark County as Cause No. BDV-2009-878 (the "*Roose* Action").

## THE PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New Jersey. Plaintiff is authorized to transact business in the State of Montana.

3. Defendant EBMS is a corporation organized and existing under the laws of the State of Montana with its principal place of business in Yellowstone County, Montana.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 28 U.S.C. § 2201 and MCA § 27-8-201 for the purpose of construing coverage under a policy of insurance.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant EBMS because it resides and is present for all legal purposes in the State of Montana, including for purposes of suit and service of legal process, and by virtue of its conduct in the State.

7. Venue is appropriate in the District of Montana under 28 U.S.C. § 1391(b) because Defendant resides for all legal purposes in the District of Montana and a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred in this District. Venue is also appropriate in the Billings Division of this District under Local Rule 3.2(b).

## FACTS COMMON TO ALL CLAIMS

### A. The Policy

8. Plaintiff issued professional liability policy number IA10028109, effective September 2, 2009 through September 2, 2010 to Defendant (the "Policy"), a true and correct copy of which is attached hereto as Exhibit A.

9. The Policy includes the following provisions, among others:

**Part I.            Insuring Agreements**

    **A.    Covered Services**

The Company will pay, on behalf of the Insured, **Damages** and associated **Claim Expenses** arising out of a negligent act, error, or omission resulting in [a] **Claim** for financial loss, **property damage**, **Advertising Liability**, or **Personal Injury**, even if such **Claim** is groundless, false or fraudulent, provided that:

1. The negligent act, error, or omission took place in the rendering of or failure to render **Professional Services**; and,
2. The negligent act, error, or omission took place in the **Covered Territory**; and,
3. The negligent act, error, or omission took place after the Retroactive Date shown in the Declarations; and,
4. The **Claim** is first made against the Insured and reported to the Company during the Policy Period.

\*     \*     \*

**Part II.            Exclusions**

This Policy does not apply to any **Claim** or **Claim Expenses**:

    A.    Based upon or arising out of any intentional, willful, criminal, fraudulent, malicious, or dishonest act or omission by an insured; except where the **Claim** also includes allegations of a negligent act, error or omission in the performance of your Professional Services; however, this Policy will not pay any **Damages** or further **Claim Expenses** in the event of an adjudication or admission by an insured that the act or omission was intentional, willful, criminal, fraudulent, malicious, or dishonest.

    …

E. Based upon or arising out of any liability of any type assumed by an insured under a contract or agreement, including breach of an express or implied warranty or guarantee. This exclusion does not apply to liability that an insured would have in the absence of the contract or agreement.

…

I. Based upon or arising out of **bodily injury** to any person, resulting from any cause. This includes **bodily injury** directly or indirectly arising out of supervision, training, hiring, disciplining, or termination of one or more employees or failure to train, supervise, discipline or terminate one or more employees.

…

V. [Based upon or arising out of] intentional refusal or failure to pay or any intentional delay in paying any claim or obligation arising out of an insurance or benefit contract or plan, however, this exclusion shall only apply if [I]nsured knew that the claim or obligation was legitimate and compensable.[1]

* * *

**Part III.      Definitions**

…

B. **Bodily injury** means physical or mental harm, mental anguish, emotional distress, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time. This includes all effects of sexual acts, including rape, sexual molestation, non-consensual sex, or sexual assault.

---

[1] Exclusion V is set forth in Endorsement 6 of the Policy.

COMPLAINT FOR DECLARATORY RELIEF
AND ATTORNEY'S FEES                                                                          PAGE 4

…

  E. **Damages** means monetary judgment, award or settlement, except those for which insurance is prohibited by law.  **Damages** does not include punitive or exemplary **Damages**, fines, penalties, sanctions, taxes, awards or **Damages** that are multiples of any covered fees, deposits, commissions or charges for goods or services.  **Damages** does not include any amounts that represent, or are substantially equivalent to, the return, restitution, disgorgement, forfeiture or rescission of any personal profit, remuneration or financial advantage, or monies to which an Insured was not entitled.

10. The limit of liability for the Policy is $2,000,000 for each claim and $2,000,000 in the aggregate for all claims with a $75,000 deductible or self-insured retention applicable to damages and claim expenses.

 **B.** **The Montana Action**

11. On September 25, 2009, Kent Roose filed a lawsuit in the Montana First Judicial District Court of Lewis and Clark County against Defendant arising out of Defendant's denial of Mr. Roose's a medical claim based on an exclusion in the Lincoln County Health Plan (the "Coordination of Benefits" exclusion).  A true and correct copy of Mr. Roose's complaint is attached hereto as Exhibit B.[2]  Mr. Roose's claims against Defendant include the following:  (1) violation of Mr. Roose's right and guarantee to be made whole under Montana law; (2) violation of Montana's Unfair Claims Practice Act; (3) actions and conduct constituting actual

---

[2] Roose subsequently filed a first, second and third amended complaint between September 25, 2009 and August 4, 2011.

malice and/or actual fraud; (4) failure to comply with the duty to investigate and determine whether Mr. Roose was made whole; (5) illegal reduction of plan benefits; and (6) violation of 33-18-201 MCA due to conduct constituting actual malice and/or actual fraud. Mr. Roose sought declaratory and injunctive relief, punitive damages, class action certification and punitive damages for the class action component of his complaint against Defendant.[3]

12. Defendant tendered Mr. Roose's complaint to Plaintiff for defense. By letter dated November 16, 2009, Plaintiff accepted the defense of the *Roose* Action and informed Defendant that it had retained G. Patrick HagEstad of the Milodragovich, Dale, Steinbrenner & Nygren, P.C. law firm to defend the case. In doing so, Plaintiff acknowledged that there was the potential for at least partial coverage based upon the allegations in the *Roose* Action and the facts known at the time of tender. A true and correct copy of Plaintiff's November 16, 2009 correspondence is attached hereto as Exhibit C.

13. In Plaintiff's November 16, 2009 correspondence, Plaintiff advised Defendant that it "reserve[d] the right to limit or disclaim coverage if it [was] determined that [Defendant] engaged in any conduct" set forth in the Policy exclusions. (Ex. C at 2.) Plaintiff also (1) reserved the right to assert other

---

[3] Mr. Roose's operative (third amended) complaint alleges violations of Montana's Unfair Claims Practices Act and common law bad faith and seeks declaratory and injunctive relief, class action certification and punitive damages.

grounds for disclaiming coverage under the terms of the Policy that may be discovered during course of the investigation of the facts underlying the claim or discovered in the course of any civil proceedings, (2) reserved the right to seek judicial resolution of coverage issues by way of declaratory or other legal relief either during the pendency of the underlying claim or upon its conclusion, and (3) reserved all of its rights under the policy and at law in the event that additional information became available that potentially affected coverage under the Policy. (*Id*. at 3.)

### C.  Plaintiff Defends The *Roose* Action

14.  Plaintiff has defended the *Roose* Action since at least November 16, 2009.  That defense has never been withdrawn and Plaintiff has advised Defendant that it does not intend to withdraw that defense, notwithstanding the circumstances described in further detail below.

15.  In May 2015, Plaintiff became aware of certain documentary evidence indicating that Mr. Roose's claims against Defendant arose out of intentional, not merely negligent, conduct on the part of Defendant or its agents.  More specifically, that evidence demonstrates the Defendant knew as early as June 2008 that Montana's "made whole" rule applied to Mr. Roose's claim and that Defendant was actively trying to "beat[ ]" or "find a way around" the made whole rule. Accordingly, the evidence is the Defendant committed an intentional tort (and did

not merely act negligently) when it denied Mr. Roose's claim and failed to make him whole. Claims and damages arising out of intentional conduct are not covered under the Policy.

16. Even more recently, Plaintiff became aware of evidence indicating that Defendant had a motive to deny Mr. Roose's claim. Mr. Roose filed a motion for sanctions on August 6, 2015 stemming from Defendant's suppression or late production of information relating to its excess carrier or reinsurer -- an EBMS-related entity called Unified Life -- that benefited financially from the allegedly improper denial of benefits to Mr. Roose. This financial incentive or motive for denying Mr. Roose's claim further implies intentional conduct, not negligence, and thus no coverage for defense or indemnity is available under the Policy.

17. Upon becoming aware of this new information indicating that Mr. Roose's claims against Defendant were not covered under the Policy, at least to some extent, Plaintiff promptly advised Defendant of the impact the new facts and circumstances have on coverage. True and correct copies of correspondence from Plaintiff to Defendant dated June 19, 2015, July 29, 2015 and August 24, 2015 are attached hereto as Exhibits D, E and F, respectively. In that correspondence, Plaintiff advised Defendant that Plaintiff would have no obligation to indemnify any damages flowing from the commission of an intentional tort.

18. It has since been brought to Plaintiff's attention that the only legal claim upon which Mr. Roose currently seeks to recover compensatory damages against Defendant is common law bad faith, and only to the extent that Defendant was acting in the capacity of a claims handler. A true and correct copy of Mr. Roose's verified discovery responses (establishing that the only claim he is pursuing against Defendant EBMS is for common law bad faith) is attached hereto as Exhibit G.

19. Plainitff also learned that the only compensatory damages Mr. Roose seeks to recover from Defendant EBMS are for mental distress (in an unspecified amount), unpaid interest ($7,000) and attorneys' fees ($13,333). Mr. Roose also seeks to recover punitive damages. A true and correct copy of Mr. Roose's trial brief in the *Roose* Action (specifying the damages sought therein) is attached hereto as Exhibit H.

20. Damages for mental distress and punitive damages are not covered under the Policy. Thus, even assuming liability and coverage under the Policy -- to the extent liability for common law bad faith can be premised on a theory of negligence and not intentional conduct (*see*, *e.g.*, *Heltborg v. Modern Mach.*, 244 Mont. 24, 37, 795 P.2d 954, 962 (1990), where the Montana Supreme Court "conclude[d] that in general a breach of the covenant of good faith and fair dealing does not involve negligent conduct, but intentional conduct") -- the only damages

for which Plaintiff's indemnity obligation could conceivably exist are for unpaid interest ($7,000) and attorneys' fees ($13,333), totaling $20,333.

21. Despite these facts and the terms, conditions and exclusions of the Policy, Defendant has recently taken the position that coverage exists for the full extent of the *Roose* Action. Accordingly, Defendant has demanded that Plaintiff "settle the case within Policy limits." True and correct copies of correspondence from EBMS's coverage counsel dated August 12, 2015 and September 9, 2015 are attached hereto as Exhibits I and J, respectively. Plaintiff has urged Defendant to reconsider its position but it appears now that it will not do so.

22. Notwithstanding the foregoing, Plaintiff has continued to provide -- and does not intend to withdraw -- a full defense to Defendant against Mr. Roose's claims.

## FIRST CLAIM FOR RELIEF

### *(For Declaratory Relief as to EBMS)*

23. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 22 of this complaint, which are incorporated by reference as if fully set forth herein.

24. Plaintiff asserts that a justiciable dispute and actual controversy regarding the rights and obligations under the Policy exists between Plaintiff and Defendant with respect to Plaintiff's duty to defend and/or indemnify the *Roose*

Action. Plaintiff contends it has no obligation to continue defending Defendant against the claims asserted in the *Roose* Action, although it will continue to do so, because it has no obligation to indemnify any of the claims in that litigation as currently pled. Alternatively, Plaintiff asserts that its indemnity obligation under the Policy, to the extent any such obligation even exists, cannot exceed $20,333. Defendant, on the other hand, apparently will contend that Plaintiff is obligated to both defend and indemnify the full extent of all of the claims in the *Roose* Action.

25.  Plaintiff seeks a judicial declaration as to its obligations pursuant to the Policy with respect to its duty to defend and/or indemnify the *Roose* Action.

26.  Pursuant to the Uniform Declaratory Judgments Act, MCA § 27-8-201 and 28 U.S.C. § 2201, a judicial declaration is necessary and appropriate at this time and under these circumstances so that Plaintiff may ascertain its rights and duties under the Policy as they relate to the *Roose* Action.

27.  Plaintiff is entitled to an order from this Court declaring that it has no duty to defend or indemnify the claims asserted in the *Roose* Action or, alternatively, a judicial declaration that its indemnity obligation under the Policy is limited to $20,333 -- the maximum total amount of potentially covered damages that Mr. Roose could recover on a negligence theory under his common law bad faith claim.

## SECOND CLAIM FOR RELIEF

*(For Attorneys' Fees as to EBMS)*

28. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 27 of this complaint, which are incorporated by reference as if fully set forth herein.

29. Where no defense obligation is owed, an insurer may recoup the costs of the defense provided to an insured made under a reservation of rights if the insurer provides timely notice of its right to recoup costs of defense.

30. Pursuant to the terms, conditions and exclusions of the Policy, no coverage is available for the claims made and damages sought against Defendant in the *Roose* Action. Alternatively, the extent of Plaintiff's potential indemnity obligation for those claims is limited to $20,333.

31. Plaintiff timely provided Defendant with notice of its right to recoup defense costs paid in connection with any of the claims or causes of action that are not covered under the Policy in its November 16, 2009 correspondence (*see* Exhibit C) and in its supplemental reservation of rights letter dated June 19, 2015 (*see* Exhibit D).

32. Under the facts of this case and the *Roose* Action, Plaintiff is entitled to recoup the attorneys' fees and costs incurred in connection with the defense

provided by Plaintiff -- including, but not limited to, any amounts paid in settlement that are attributable to the *Roose* Action for which no coverage is afforded -- in an amount that exceeds the jurisdictional minimum of the Court and that will be established according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. A declaration pursuant to the Uniform Declaratory Judgments Act, section 27-8-201, MCA, and 28 U.S.C. § 2201, that Plaintiff has no duty to defend or indemnify the *Roose* Action pursuant to the terms, conditions and exclusions of the Policy;

2. That Plaintiff may recover the attorneys' fees and costs incurred in the defense of the *Roose* Action -- including settlement expenses attributable to non-covered claims -- and other disbursements incurred by Plaintiff incurred through this declaratory judgment action; and

3. For such other and further relief as this Court may deem just and proper.

Dated:   October 5, 2015          UGRIN, ALEXANDER, ZADICK &
                                  HIGGINS, P.C.

                                  By:    /s/ Gary M. Zadick_____
                                         Gary M. Zadick
                                         Attorneys for Plaintiff
                                         GOTHAM INSURANCE COMPANY